Ms. Pola O'Fallon c/o Ken Ferguson, Director Department of Human Resources 200 East Eighth Avenue, Suite 104 Pine Bluff, AR 71601
Dear Ms. O'Fallon:
You have requested my opinion concerning the disclosability of certain records under the Arkansas Freedom of Information Act ("FOIA"), codified at A.C.A. § 25-19-101 to -109 (Repl. 1996 Supp. 2001). The supporting information you have provided reflects that the Pine Bluff Commercial has requested your hire date and salary under the FOIA. The FOI form you completed and forwarded to my office indicates that you desire an appeal of the decision made by the Pine Bluff Department of Human Resources regarding release of the requested records.
My statutory duty under A.C.A. § 25-19-105(c)(3)(B)(i) is to determine "whether the [custodian's] decision is consistent with [the FOIA]." You have not indicated what decision the custodian of records has made with respect to the release of the requested records. I am therefore technically unable to perform my statutory duty with regard to the request for these records. I must also note that I have not been provided with copies of the records that contain the requested information and therefore cannot opine conclusively on the disclosability of these records or specific information contained therein. I can, however, set forth the general guidelines that the custodian must follow in determining what to disclose.
RESPONSE
The FOIA provides for the disclosure upon request of certain "public records," which are statutorily defined as follows:
 "Public records" means writings, recorded sounds, films, tapes, electronic or computer-based information, or data compilations in any medium, required by law to be kept or otherwise kept, and which constitute a record of the performance or lack of performance of official functions which are or should be carried out by a public official or employee, a governmental agency, or any other agency wholly or partially supported by public funds or expending public funds. All records maintained in public offices or by public employees within the scope of their employment shall be presumed to be public records.
A.C.A. § 25-19-103(5)(A).
The FOIA contains various exemptions from the general disclosure requirement. One such exemption provides that "personnel records" are exempt from disclosure to the extent that disclosing them would constitute a "clearly unwarranted invasion of [the employee's] personal privacy." A.C.A. § 25-19-105(b). The information that has been requested (hire date and salary information) is normally contained in records that are properly classified as "personnel records." See, e.g., Ops. Att'y Gen. Nos. 2001-101; 98-126; 95-070; 94-198. This office has consistently opined (in opinions too numerous to cite) that the disclosure of records reflecting this type of information does not constitute a clearly unwarranted invasion of the employee's personal privacy. Therefore, records reflecting your hire date and salary information must be provided in response to a proper request under the FOIA. It should be noted that any particular items of information that are contained in your records and that qualify for some other specific exemption from disclosure must be redacted from the records before they are released. For example, social security numbers should be redacted. See Op. Att'y Gen. No.2001-091.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
MB:SBA/cyh